**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

_____

| | |
|---|---|
| In re: Ace C. Fouts and Theresa R. Fouts, | Case No 19-30988 |
| | Chapter No. 7 |
| Debtors | Judge Laura K. Grandy |

_____

## STIPULATED PROTECTIVE ORDER

Upon reviewing this Stipulated Pre-trial Protective Order made and executed by the United States Trustee for Region 10 ("United States Trustee") and John C. Caraker and UpRight Law LLC (collectively, the "UpRight Law Parties"), the parties having stipulated to the terms of this protective order with respect to the above-captioned case pending in the United States Bankruptcy Court for the Southern District of Illinois in which the United States Trustee is conducting her review of the case, and pursuant to Fed. R. Civ. P. 26(c) and 45, Fed. R. Bankr. P. 7026 and 9018, and 11 U.S.C. § 107, and good cause appearing therefor: IT IS HEREBY ORDERED:

### PARTIES GOVERNED

1. This Protective Order shall govern the use and disclosure of any and all information designated as "CONFIDENTIAL," as set forth below, in documents (including email), magnetic media, or other tangible things produced by the UpRight Law Parties, or in deposition or examination testimony by any employee, officer, partner or Fed. R. Civ. P. 30(b)(6) designee of UpRight Law and provided to the United States Trustee in this case.

2.     This Protective Order shall apply to the UpRight Law Parties and to the United States Trustee, her Assistants, agents and employees, as well as anyone else employed by the United States Trustee Program and the Executive Office for United States Trustees (collectively, the "USTP") in connection with the use of Confidential Information provided in this case to the United States Trustee.

## DESIGNATION OF INFORMATION OR DOCUMENTS AS CONFIDENTIAL

3.     The UpRight Law Parties shall designate as "CONFIDENTIAL" that information, document or portion of a document or other tangible thing subject to discovery or otherwise provided by the UpRight Law Parties to the USTP in this case that the UpRight Law Parties believe in good faith contains a trade secret or confidential research, development, or commercial information subject to protection under the standards of Fed. R. Civ. P. 26(c) and 45, Fed. R. Bankr. P. 7026 and 9018, 11 U.S.C. § 107, or other applicable laws (collectively, "Confidential Information"). Except as provided otherwise herein, this Protective Order applies to copies and reproduction of documents or portions of documents designated as CONFIDENTIAL. Confidential Information shall also include any Confidential Information contained in any excerpt, abstract, note, analysis, extract, or summary made and/or credited by the USTP (or any other parties receiving Confidential Information pursuant to this Protective Order.) This Protective Order, and any amendments or modifications thereto, shall apply to the treatment of Confidential Information so designated. In no instance shall the UpRight Law Parties designate as "CONFIDENTIAL" information that has been disclosed in any court or administrative proceeding, or to any governmental entity, except when such disclosure has taken place pursuant to: (1) a protective order restricting communication of such information; (2) a statute or regulation restricting communication of such information; or (3) an agreement with a governmental entity agreeing to

restrict communication of such information. The UpRight Law Parties shall be under a continuing obligation to notify the USTP if they become aware of any information indicating that a previous designation of information as "CONFIDENTIAL" is no longer justified under this Protective Order.

4. Nothing in this Protective Order will be construed as an admission by any Party that any Confidential Information designated by the UpRight Law Parties is or contains a trade secret or confidential research, development, or commercial information subject to protection under Fed. R. Civ. P. 26(c) and 45, Fed. R. Bankr. P. 7026 and 9018, 11 U.S.C. § 107, or other applicable laws.

5. The UpRight Law Parties shall designate Confidential Information on an item-by-item basis. Nothing in this Protective Order authorizes the UpRight Law Parties to make blanket designations of its entire production or large portions of its production as "CONFIDENTIAL."

6. Designation of Confidential Information shall be made in the following ways:

    a. <u>Documents.</u>   The UpRight Law Parties shall designate documents (including email) or portions of documents containing Confidential Information to be included within the terms of this Protective Order by producing the document with each applicable page marked with a legend reading "CONFIDENTIAL." Where only a portion of a document is designated "CONFIDENTIAL," the UpRight Law Parties shall to the extent practicable segregate that portion of the document designated "CONFIDENTIAL" from the remainder of the document (e.g., the UpRight Law Parties shall not designate an entire manual "CONFIDENTIAL" when only certain pages or portions of the manual are "CONFIDENTIAL"). If it is not practicable to segregate the confidential portions of a document containing multiple pages, the first page of the document should contain a label identifying which pages of the document are designated

confidential. In addition, each page that is designated confidential shall have a "CONFIDENTIAL" label affixed to it.

        b.    <u>Electronically Stored Information</u>. Where a document is produced in any magnetic medium, the disc, drive, cartridge, reel or medium container will be marked as set forth above, and the UpRight Law Parties shall provide an index indicating which of the documents, or portions thereof, contained on the magnetic medium are designated confidential.

        c.    <u>Physical Exhibits</u>. Physical exhibits will be marked by placing a "CONFIDENTIAL" label on the exhibit marked as set forth above.

        d.    <u>Depositions and Examinations</u>. If any document containing Confidential Information is marked, referenced or discussed during a deposition or an examination taken in this case: (1) the UpRight Law Parties may thereafter designate appropriate portions of the depositions or examinations as "CONFIDENTIAL" and subject to the terms of this Protective Order; (2) such designations shall be made in writing, delivered to the United States Trustee's counsel within five (5) calendar days of the delivery of such transcript to the UpRight Law Parties' Counsel or fifteen (15) calendar days after the date of the deposition, whichever comes later, and such designated portions of the transcript of any deposition or examination taken shall be deemed confidential and subject to the terms of this Protective Order; and (3) deposition or examination exhibits consisting of or including documents covered by this Protective Order shall be placed in a sealed envelope with an appropriate admonition on the front of such envelope.

DISCLOSURE OF CONFIDENTIAL INFORMATION

7.    The USTP may show, disclose, or distribute any Confidential Information within the Department of Justice, which shall maintain the confidentiality of the Confidential Information consistent with the terms of this Protective Order. In addition, the USTP may show, disclose, or

distribute any Confidential Information to any other federal governmental entity, including, but not limited to, law enforcement agencies, provided, however, that the disclosure is related to the entity's supervisory, regulatory, or law enforcement responsibilities, and provided further that the federal governmental entity shall sign and deliver to the USTP the form set forth as Exhibit A stating that it will maintain the confidentiality of the Confidential Information consistent with the terms of this Protective Order.  Notwithstanding any of the foregoing or anything else in this Order, if any federal governmental entity (including the Department of Justice or a division or subdivision thereof) obtains or has obtained the same or other information through some other means (including but not limited to subpoena or civil investigative demand), this Protective Order shall have no effect on the level of protection or confidentiality it is required to provide to the information obtained by such other means, even if it first became aware of such information as a result of a disclosure from the USTP. A federal governmental entity that has been provided with Confidential Information subject to this Order (including the Department of Justice or a division or subdivision thereof) shall be in compliance with this Order if it acts so that it would be in compliance with this Order if "Receiving Party" were substituted for "USTP" and "United States Trustee" in the Order, or if it acts in compliance with the standards set forth in this paragraph.

The USTP may also disclose Confidential Information to any outside attorneys, experts, and consultants who have been retained by the USTP to provide services in connection with this matter, but only to the extent necessary for such attorneys, experts, and consultants to provide the services for which they have been retained. Such attorneys, experts, and consultants shall sign an agreement to be bound by this Protective Order in the form attached hereto as "Exhibit B."

Notwithstanding any of the foregoing or anything else in this Order, USTP may show, disclose, or distribute any Confidential Information when it is appropriate to be reported to state authorities responsible for attorney discipline.

8. The USTP may notify and assist any United States Attorney pursuant to 28 U.S.C. § 586(a)(3)(F) and, to the extent the USTP complies with this Protective Order, may use Confidential Information in providing such notification or assistance; provided, however, that if the United States Attorney obtains or has obtained the same information from a source other than the USTP so that the United States Attorney is not required to comply with this Protective Order with regard to that information, the USTP may use that information to the same extent and under the same terms as the United States Attorney without reference to this Protective Order, even if the same information was also produced to the USTP as Confidential Information under this Protective Order.

9. Except as permitted in this Protective Order, Confidential Information shall not be shown, disclosed or distributed to any person or entity, absent a court order or upon agreement of the UpRight Law Parties, except that (1) Confidential Information may be disclosed to courts, persons employed by courts, court reporters, and stenographers and videographers employed for the purpose of transcribing or recording testimony or argument at any hearing, trial, deposition, or examination; (2) when questioning potential witnesses or other persons whom the USTP reasonably believes to have relevant information relating to the Confidential Information, the USTP may show such potential witnesses or such other persons documents containing Confidential Information; provided, however, that the USTP shall not permit any such person to take possession of a copy of such document without a court order or the express permission of the UpRight Law Parties, and provided further that, in the absence of a court order or express

permission of the UpRight Law Parties to the contrary, the person shall be required to execute a confidentiality agreement in the form set forth in Exhibit B to this Order (except that this shall not be required when examining a witness in a hearing, trial, deposition, or examination, if that witness is an employee or under the control of the UpRight Law Parties); and (3) the USTP may disclose Confidential Information to expert witnesses retained by the USTP for the purpose of providing expert consulting or testimony in any case involving the UpRight Law Parties, provided that such person(s) execute a confidentiality agreement in the form set forth as Exhibit B to this Order.

10. This Protective Order shall not prevent or in any way limit the ability of the USTP or any other entity of the United States to comply with a grand jury subpoena, Congressional subpoena or Congressional demand for documents or information or a court order; provided, however, that in the event that the USTP receives a Congressional subpoena or demand or a court order to produce any Confidential Information covered by this Protective Order, the USTP shall, insofar as is consistent with any applicable law or court order, notify the UpRight Law Parties' Counsel of such request within ten (10) calendar days of its receipt and allow the UpRight Law Parties a reasonable time, not exceeding ten (10) calendar days from the receipt of the notice from the USTP, to obtain a protective order for documents or information sought or stay of production, or otherwise resolve the issue, before the USTP discloses any such documents or information. The USTP shall likewise notify the UpRight Law Parties' Counsel of any other subpoena or demand to produce any Confidential Information covered by this Protective Order within ten (10) calendar days of its receipt, in which case the UpRight Law Parties shall have a reasonable time not exceeding ten (10) calendar days from the receipt of the notice to seek a protective order for the documents or information. If the USTP notifies the UpRight Law Parties' Counsel that it is obligated to produce any Confidential Information under any applicable law, including without

limitation the Right to Financial Privacy Act, the UpRight Law Parties shall have a reasonable time not exceeding ten (10) calendar days from the receipt of the notice to seek a protective order for the documents or information. In all cases covered by this paragraph, the USTP shall inform the requesting party that the information sought was produced to the USTP subject to the terms of this Protective Order.

## INADVERTENT DISCLOSURE

11.     In the event the USTP discloses any Confidential Information in a manner inconsistent with this Protective Order, the USTP shall promptly notify the UpRight Law Parties' Counsel and the Court.  The UpRight Law Parties reserve their right to seek a court order directing that the person(s) and/or organization(s) improperly in possession of the Confidential Information be bound by this Protective Order.

12.     For purposes of this Protective Order, if the UpRight Law Parties inadvertently fail to mark a document or information as "CONFIDENTIAL," they shall not be deemed to have waived their claim of confidentiality and may mark the document or information "CONFIDENTIAL" or designate the document or information "CONFIDENTIAL" at a later date after they have learned of the failure to mark said document or information "CONFIDENTIAL." However, to the extent a document or information inadvertently not designated as "CONFIDENTIAL" by the UpRight Law Parties is disclosed or used by the USTP in any manner prior to receiving written notice of the inadvertent failure to designate such document as "CONFIDENTIAL," such disclosure or use shall not constitute a violation of this Protective Order.

## SUBMISSION OF CONFIDENTIAL INFORMATION TO THE COURTS

13.     Filing of Confidential Information. This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential

8

in connection with a motion, brief or other submission to the Court must seek leave of court to file the document. The filing of a motion to file a document designated as Confidential under seal does not waive any prior or future objection to confidentiality.

## OBJECTIONS TO DISCLOSING PARTY'S DESIGNATIONS

14. In the event that the USTP objects at any time to the designation of any information, document or portion of a document as "CONFIDENTIAL," the USTP shall notify the UpRight Law Parties' Counsel in writing (the "Notice"). The Parties will then endeavor to resolve any such dispute informally. In the event that the dispute is not resolved informally, the UpRight Law Parties must file a motion in the Cases seeking protection within ten (10) calendar days after service of the Notice and shall bear the burden of justifying, consistent with 11 U.S.C. § 107 and Fed. R. Bankr. P. 7026, 9016, 9018, and/or other applicable law, the continued confidential treatment of the Confidential Information. If such motion is timely filed, the protection afforded by the terms of this Protective Order shall continue until the Court makes a decision on the motion. If no timely motion is made, the protection afforded to the challenged documents described in the Notice shall terminate on the eleventh (11th) calendar day after service of the Notice.

## CONTINUING CONFIDENTIALITY AND RETURN OR DISPOSAL OF DOCUMENTS CONTAINING CONFIDENTIAL INFORMATION

15. The United States Trustee shall return to the UpRight Law Parties' counsel all documents produced by any of the UpRight Law Parties containing Confidential Information and all copies of such documents in her possession on or before thirty (30) calendar days after the date of entry of a final non-appealable order finally resolving the last active matter arising out of, related to, or asserted in connection with any discovery sought from any of the UpRight Law Parties by the USTP in any bankruptcy case, provided that there are no pending matters in which the USTP and any of the UpRight Law Parties are involved to which the Confidential Information is relevant,

and provided further that the United States Trustee shall not in any event be required to return or destroy any such documents before December 31, 2020. The USTP may destroy the documents produced by any of the UpRight Law Parties containing Confidential Information, and copies of such documents, as opposed to returning them.

### INDEPENDENTLY OBTAINED MATERIAL AND MATERIAL DISCLOSED NOT PURSUANT TO PROTECTIVE ORDER

16. Nothing herein shall impose any restrictions on the use or disclosure by the USTP of material obtained independently of discovery produced by the UpRight Law Parties in this case, including any material provided to the USTP by any governmental entity. In addition, nothing herein shall impose any restrictions on the use or disclosure by the USTP of material that has been disclosed (other than by the USTP) in any court or administrative proceeding, or to any governmental entity, except when such disclosure has taken place pursuant to: (i) a protective order restricting communication of such information; (ii) a statute or regulation restricting communication of such information; or (iii) an agreement with a governmental entity agreeing to restrict communication of such information.

### INTERPRETATION: APPLICATION OF THE RULES OF CIVIL PROCEDURE AND EVIDENCE

17. Nothing in this Protective Order shall be construed to operate in any way to prevent the USTP from carrying out any action in furtherance of its duties under 28 U.S.C. § 586(a). This Protective Order is not intended to broaden, and is to be enforced so as not to broaden, the scope of information that would be entitled to protection under the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, or the Federal Rules of Evidence.

18. This Protective Order shall remain in full force and effect until modified, superseded, or terminated on the record by agreement of the parties to this Protective Order, or by an order of this Court, which may modify this Order either upon agreement of the parties or for

good cause after notice and hearing.

19. If documents that are designated Confidential are to be used at trial, the party asserting that the documents or information are Confidential and should be sealed or subject to a protective order at trial must file a motion to seal or otherwise protect such documents. Unless the Court, not less than 14 days before the deadline to file exhibits lists, has ordered that such documents shall be sealed or otherwise protected, parties may use the document or information at trial subject to the Federal Rules of Evidence.

20. This Court shall retain jurisdiction to enforce the terms of this Protective Order.

Counsel for the moving party shall serve a copy of this Order by mail to all interested parties who were not served electronically.

ENTERED: March 25, 2020

/s/ Laura K. Grandy
UNITED STATES BANKRUPTCY JUDGE/3

AGREED AS TO FORM:

Nancy J. Gargula,
U.S. Trustee for Region 10

*/s/ Mark D. Skaggs*
Mark D. Skaggs
Attorney for United States Trustee


John C. Caraker and UpRight Law, LLC


*/s/ Charles A. Armgardt*
Charles A. Armgardt,
Attorney for John C.
Caraker and UpRight Law,
LLC

# **EXHIBIT A**

On behalf of [INSERT ENTITY], I have reviewed the Agreed Protective Order entered by the Court on_____, 2020 (the "Protective Order") in connection with the following case pending in U.S. Bankruptcy Court for the Southern District of Illinois, 19-60216-lkg. To the extent that a United States Trustee or the United States Trustee Program provides [INSERT ENTITY] with material produced under the Protective Order and designated as Confidential Information by the UpRight Law Parties (as defined in the Protective Order), [INSERT ENTITY] agrees to be subject to and abide by the terms of the Protective Order with respect to such Confidential Information and to maintain the confidentiality of the Confidential Information provided by the United States Trustee or the United States Trustee Program, except that if [INSERT ENTITY] obtains or has obtained the same or other information through some other means (including but not limited to subpoena or civil investigative demand), this Protective Order shall have no effect on the level of protection or confidentiality [INSERT ENTITY] is required to provide to the information obtained by such other means, even if it first became aware of such information as a result of a disclosure by the United States Trustee Program.

Dated:_____

By:_____
Print Name:
Title:
For:

## **EXHIBIT B**

I have reviewed the Protective Order entered by the Court on_____, 2020 (the "Protective Order") in in connection with the following case pending in U.S. Bankruptcy Court for the Southern District of Illinois, 19-60216-lkg. I agree to be subject to and to abide by the terms of the Protective Order with respect to Confidential Information and to maintain the confidentiality of the Confidential Information provided by the United States Trustee or the United States Trustee Program.


Dated:_____  By:_____
                              Print Name: